99 F.3d 1142
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Robert RICHARDSON, Plaintiff-Appellant,
v.
William O'SULLIVAN, Bruce Baker, Alan Carlton, and Steven
Ruiz, Defendants-Appellees.
 No. 95-2510.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 8, 1996.*
Decided Oct. 10, 1996.
 
 Before COFFEY, EASTERBROOK and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Inmate Robert Richardson sued various prison officials pursuant to 42 U.S.C. § 1983, alleging that they denied him due process by disciplining him for fighting gang members rather than protecting him; by placing him in investigative segregation for eight days; and by transferring him to a maximum security facility. In later pleadings, Richardson also cursorily alleged that he was denied equal protection on account of race. The district court dismissed the action, observing that Richardson did not possess a liberty interest in remaining in the general prison population or in choosing his place of confinement, and that his bald assertions of racial discrimination and the prison officials' failure to protect him from gangs, unsupported by meaningful factual allegations, did not state claims on which relief could be granted.
 
 
 2
 We review dismissals under Federal Rule of Civil Procedure 12(b)(6) de novo, accepting as true "all the factual allegations in the complaint and draw[ing] all reasonable inferences from these facts in favor of the plaintiff." Arazie v. Mullane, 2 F.3d 1456, 1464-64 (7th Cir.1993). The district court's conclusion that Richardson lacked a liberty interest in freedom from eight days in investigative segregation is all the more certain in light of Sandin v. Connor, 115 S.Ct. 2293 (1995), in which the Court held that thirty days of ordinary disciplinary segregation did not deprive an inmate of a liberty interest arising from either the Due Process Clause or state law. Even if Richardson is correct that his segregation violated certain Illinois prison administrative regulations, nothing about his eight-day segregation indicates that it "impose[d] atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life," as would be necessary to identify a state-created liberty interest. Id. at 2300. Likewise, it has been clear since Meachum v. Fano, 427 U.S. 215 (1976), that transfers between prisons of different severity do not implicate a liberty interest under the Due Process Clause, Sandin, 115 S.Ct. at 2297; Bryan v. Duckworth, 88 F.3d 431, 433 (7th Cir.1996), and Richardson does not suggest his transfer violated any state statute.
 
 
 3
 Richardson has also failed to allege facts that, taken as true, could support his claims of racial discrimination and unfair discipline for fighting gang members. In his appellate brief Richardson appears to have significantly embellished his description of the facts; however, these expanded factual allegations still fail to support his claims.
 
 
 4
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)